IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LEARNFRAME, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>TRIFUS LLC, an Illinois limited liability company, also known as Trifus, N.A., LLC,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER STAYING LITIGATION AND ADMINISTRATIVELY CLOSING CASE<br><br><br><br><br><br>Case No. 2:06-CV-943 TS |

    This matter is before the Court on Defendant's Motion to Dismiss or Stay Litigation.[1] Plaintiff develops, creates, sells and distributes computer-based training course products. Plaintiff and Defendant entered into a contractual relationship whereby Plaintiff permitted Defendant to sell its products. Each contract at issue contains the following language, with minor variations:

---

    [1]Docket No. 3.

1

>All controversies shall be submitted to binding arbitration under the rules of the American Arbitration Association. Any arbitration proceeding shall be held in Salt Lake City, Utah and its decision shall be binding on both parties.

Plaintiff, in its Complaint—which was first filed in state court, then subsequently removed by Defendant to this Court[2]—alleges that Defendant failed to make certain payments pursuant to the terms of the contracts. Plaintiff brings the following claims against Defendant: breach of contract, breach of promissory note, civil theft, intentional interference with business relations, and copyright infringement. Defendant now moves to dismiss or stay the litigation based on the arbitration provisions of the contracts at issue.

Plaintiff, in response to Defendant's Motion, argues that Defendant has waived its right to invoke the arbitration provisions because of its decision to remove this action. Alternatively, Plaintiff argues that its copyright infringement and civil theft claims are outside the scope of the arbitration provisions. More specifically, Plaintiff argues that because the arbitration provisions do not contain language that contemplates claims "arising out of, or related to" the contract, the provisions are narrowly drawn.

Section 3 of the Federal Arbitration Act requires district courts to stay legal proceedings when the subject matter of the dispute is subject to arbitration.[3] Moreover, the Tenth Circuit has adopted a "liberal federal policy favoring arbitration."[4] Furthermore, the Tenth Circuit has held

---

[2]Docket No. 1.

[3]9 U.S.C. § 3.

[4]*P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999).

that federal courts are to "resolve 'any doubts concerning the scope of arbitrable issues in favor of arbitration.'"[5]

The Court agrees with Defendant that this action should be stayed due to the arbitration provisions of the governing contracts. Plaintiff cites no authority which supports either its argument that Defendant has waived his right to invoke the arbitration provision or the proposition that an arbitration provision requires precise phrasing such as "arising out of, or related to" in order to constitute a broad provision. Therefore, the Court first finds that Defendant has not waived its right to invoke the arbitration provision. Second, the Court finds that the arbitration provisions in the governing contracts are broad, and encompass all of Plaintiffs claims in this action. Each contract expressly states that "[a]ll controversies" between the parties will be resolved by arbitration. Moreover, Plaintiff's copyright infringement and civil theft claims arise from Defendant's alleged breach of the contracts containing the arbitration provisions. Even if the contractual language were ambiguous, the Tenth Circuit has clearly stated that doubts concerning the scope of such provisions are resolved in favor of arbitration.

For the foregoing reasons, it is therefore

ORDERED that Plaintiff's Motion (Docket No. 3) is GRANTED in that this action will be stayed pending arbitration. It is further

ORDERED that this case shall be administratively closed. It is further

---

[5] *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

ORDERED that the parties inform the Court within thirty (30) days of any arbitration decision or any other circumstance which may affect the stay.

SO ORDERED.

DATED  March 1, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge